IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEREMY GREEN and SHIZUKO GREEN,<br><br>      Plaintiffs,<br><br>  vs.<br><br>SIDNEY K. KANAZAWA, ESQ., a resident of California, MCGUIREWOODS, LLP, a Virginia limited liability partnership, and DOE DEFENDANTS 1-50,<br><br>      Defendants.<br>_____ | CIVIL 16-00054 LEK-KSC |
| HYE JA KIM,<br><br>      Plaintiff,<br><br>  vs.<br><br>SIDNEY K. KANAZAWA, ESQ., a resident of California, MCGUIREWOODS, LLP, a Virginia limited liability partnership, and DOE DEFENDANTS 1-50,<br><br>      Defendants.<br>_____ | CIVIL 16-00055 LEK-KSC |

**ORDER DENYING PLAINTIFFS' MOTION FOR
RECONSIDERATION AND GRANTING CLARIFICATION**

On November 30, 2017, this Court issued its Order: Denying Defendants' Motion for Summary Judgment on the Claims Asserted by Plaintiff Hye Ja Kim; Denying Defendants' Motion for Summary Judgment on the Claims Asserted by Plaintiffs in Counts I and II of the Complaint; and Granting in Part and Denying in Part

Defendants' Motion for Summary Judgment for Lack of Actual Damages, or Alternatively, for Partial Summary Judgment Regarding Punitive Damages Arising out of the Acts or Omissions of Centex Homes ("11/30/17 Order"). [Dkt. no. 200.] On December 14, 2017, Plaintiffs Jeremy Green and Shizuko Green ("the Greens") and Hye Ja Kim ("Kim," all collectively "Plaintiffs") filed a motion seeking reconsideration or clarification of the 11/30/17 Order ("Motion for Reconsideration"). [Dkt. no. 201.] Defendants Sidney K. Kanazawa, Esq. ("Kanazawa"), and McGuireWoods LLP (collectively "Defendants") filed their memorandum in opposition on December 28, 2017, and Plaintiffs filed their reply on January 11, 2018. [Dkt. nos. 203, 205.] The Court has considered the Motion for Reconsideration as a non-hearing matter pursuant to Rule LR7.2(e). The Motion for Reconsideration is hereby denied on all issues raised, and the Court clarifies that: 1) if Plaintiffs establish they could have prevailed on an unfair or deceptive acts or practices ("UDAP") claim against Centex by proving Centex Homes ("Centex") engaged in conduct that was reckless or intentional, the nonrecourse clauses in their contracts with Centex would not apply; 2) there are genuine issues of material fact for trial as to whether Centex engaged in intentional or reckless conduct that would support a UDAP claim; 3) the remedies Plaintiffs could have obtained if they prevailed in UDAP claims against Centex are part of Plaintiffs' damages in

their claims against Defendants in this case; but 4) because treble damages are similar in nature to punitive damages, Plaintiffs cannot recover any treble damages they could have recovered from Centex as damages in this case against Defendants.

**BACKGROUND**

The relevant factual and procedural background of this case is set forth in the 11/30/17 Order, which ruled on Defendants': Motion for Summary Judgment on the Claims Asserted by Plaintiff Hye Ja Kim ("Kim Motion"), filed on April 17, 2017; Motion for Summary Judgment on the Claims Asserted by Plaintiffs in Counts I and II of the Complaint ("Liability Motion"), filed on April 19, 2017; and Motion for Summary Judgment for Lack of Actual Damages, or Alternatively, for Partial Summary Judgment Regarding Punitive Damages Arising Out of the Acts or Omissions of Centex Homes ("Damages Motion"), also filed on April 19, 2017. [Dkt. nos. 77, 82, 84.]

These consolidated cases arise from Defendants' representation of residential unit owners in The Beach Villas at Ko Olina ("Beach Villas") in disputes with Centex Homes ("Centex"), the developer of the Beach Villas. Plaintiffs allege that, because of Defendants' sub-standard representation, they lost valuable claims against Centex through a settlement agreement in 2010 ("2010 Settlement Agreement") and another in 2013 ("2013 Settlement Agreement"). Plaintiffs therefore assert

3

a legal malpractice claim ("Count I") and a breach of fiduciary duty claim ("Count II") against Defendants. [11/30/17 Order at 4-6.]

The focus of the Motion for Reconsideration is the rulings on the Damages Motion. In particular, this Court ruled Plaintiffs knowingly and willingly entered into the limitation of liability provisions in their sales contracts with Centex (the "Limitation Provisions" and the "Sales Contracts"), and the Limitation Provisions were not unconscionable.[1] [Id. at 39-40, 47.] Thus, the Limitation Provisions are enforceable and would have precluded Plaintiffs from seeking treble damages from Centex in a UDAP claim. The 11/30/17 Order granted the Damages Motion as to the portion of Plaintiffs' damages based on the lost-treble-damages theory because Plaintiffs cannot prove Defendants' actions or omissions caused Plaintiffs to lose the ability to recover treble damages from Centex in UDAP claims related to the 2010 Settlement Agreement and the Lockout.[2] [Id. at 47-48.] As

---

[1] The Limitation Provisions are: a provision limiting the purchaser's remedy to rescission (the "Sole Remedy Provision"); and a provision setting forth the process to resolve certain disputes between the parties and waiving the right to recover punitive, exemplary, treble, or other multiple damages (the "Knowing Release Provision"). [11/30/17 Order at 18-19 (quoting the Sole Remedy Provision), 19-20 (quoting the Knowing Release Provision), 22 (stating the two provisions are collectively referred to as the Limitation Provisions).]

[2] The Lockout and Plaintiffs' claims related thereto are
(continued...)

to Plaintiffs' position that Defendants' actions and omissions caused Plaintiffs to lose the ability to recover punitive damages from Centex in fraud claims, this Court ruled the Limitation Provisions would not have precluded such recovery from Centex, but attorneys cannot be held liable for lost punitive damages in a legal malpractice claim. [Id. at 39, 54.]

In the Motion for Reconsideration, Plaintiffs argue reconsideration of the 11/30/17 Order is necessary because this Court committed legal error in its unconscionability analysis. Plaintiffs also seek clarification of the 11/30/17 Order because they assert nothing in the order precludes them from recovering lost treble damages against Defendants if they prove they would have prevailed on their UDAP claims against Centex based on Centex's reckless behavior.

**STANDARD**

This Court has previously stated that a motion for reconsideration

> "must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." See Davis v. Abercrombie, Civil No. 11-00144 LEK-BMK, 2014 WL 2468348, at *2 (D. Hawaii June 2, 2014) (citation and internal

---

² (...continued)
described in the 11/30/17 Order at pages 4-5.

5

> quotation marks omitted). . . . "Mere disagreement
> with a previous order is an insufficient basis for
> reconsideration." Davis, 2014 WL 2468348, at *3
> n.4 (citations and internal quotation marks
> omitted).

Riley v. Nat'l Ass'n of Marine Surveyors, Inc., Civil No. 14-00135 LEK-RLP, 2014 WL 4794003, at *1 (D. Hawai`i Sept. 25, 2014). Local Rule 60.1 states, in relevant part: "Motions for reconsideration of interlocutory orders may be brought only upon the following grounds: (a) Discovery of new material facts not previously available; (b) Intervening change in law; [or] (c) Manifest error of law or fact."

## DISCUSSION

### I. Unconscionability

Plaintiffs first argue this Court committed clear error in conducting an unconscionability analysis of the Limitation Provisions because unconscionability is a contract defense, and Plaintiffs never asserted the Limitation Provisions in the Sales Contracts were unconscionable. Plaintiffs contend the contract defense of unconscionability is irrelevant to the issue of whether they would have prevailed against Centex on UDAP claims. These arguments are misplaced. The issue of whether the Limitations Provisions were unconscionable was squarely presented in the Damages Motion because Defendants argued the Limitations Provisions are enforceable, and the issue of whether the provisions are enforceable requires an analysis of whether they

6

are unconscionable.  [Mem. in Supp. of Damages Motion at 24-29.]
Moreover, to the extent Plaintiffs contend an unconscionability analysis was inappropriate because UDAP claims look at a reasonable consumer, Plaintiffs conflate the issue of whether they would have prevailed on their UDAP claims against Centex with the issue of whether the available remedies for such claims would have been governed by the Limitation Provisions.  The issue of whether the Limitation Provisions were unconscionable requires an analysis of Plaintiffs' specific circumstances.  See, e.g., Narayan v. The Ritz-Carlton Dev. Co., 140 Hawai`i 343, 351, 400 P.3d 544, 552 ("Courts consider such factors as whether deceptive or high-pressured tactics were employed, the use of fine print in the contract, the experience and education of the party claiming unconscionability, and whether there was disparity in bargaining power between the parties." (citation and internal quotation marks omitted)), *reconsideration denied*, 140 Hawai`i 380, 400 P.3d 581 (2017), *cert. denied sub nom.*, No. 17-694, 2018 WL 942462 (U.S. Feb. 20, 2018).  Plaintiffs' argument that this Court should not have conducted an unconscionability analysis is therefore rejected.

Plaintiffs also contend this Court committed clear error in: its procedural unconscionability analysis because this Court failed to recognize Plaintiffs lacked meaningful choice in the Limitation Provisions; and its substantive unconscionability

analysis because this Court failed to recognize the Limitation Provisions were unreasonably favorable to Centex. As to procedural unconscionability, Plaintiffs argue the Sales Contracts were contracts of adhesion, giving them no meaningful choice on the limitation of their available remedies from Centex. Even if the Sales Contracts could be considered contracts of adhesion, that fact alone does not render the Limitation Provisions procedurally unconscionable. In <u>Narayan</u>, the Hawai`i Supreme Court recognized:

> Procedural unconscionability **often** takes the form of adhesion contracts, where a form contract is created by the stronger of the contracting parties, and the terms "unexpectedly or unconscionably limit the obligations and liability of the weaker party." <u>Nacino v. Koller</u>, 101 Hawai`i 466, 473, 71 P.3d 417, 424 (2003) (quoting <u>Leong v. Kaiser Found. Hosp.</u>, 71 Haw. 240, 247, 788 P.2d 164, 168 (1990)). Although **adhesion contracts are not unconscionable *per se***, they are defined by a lack of meaningful choice and, thus, **often** satisfy the procedural element of unconscionability.

<u>Id.</u> (emphases added). The mere fact that a contract is a form contract which could be characterized as a contract of adhesion does not render it procedurally unconscionable. This Court considered the fact that the Sales Contracts were form contracts in light of the circumstances of the Sales Contract execution as a whole and concluded there was no procedural unconscionability.

Plaintiffs also argue the facts of <u>Narayan</u> are similar to the instant case, and this Court should have concluded that

8

there was procedural unconscionability, like the supreme court did in Narayan. Plaintiffs argue:

> In Narayan (which, like here, specifically dealt with Limitation Provisions in Sales Contracts for luxury, high-end condominiums), the Hawai`i Supreme Court found that because the developer Ritz, *i.e.*, "the party with the superior bargaining strength" drafted the Limitation Provision] (sic) found in the arbitration clauses and because Plaintiffs (the homeowners) were required to conform to the terms the arbitration clause and those Limitation Provisions if they wanted to purchase a Ritz Carlton condominium, the arbitration clause and Limitation Provisions were "adhesive in the sense that [were] 'created by the stronger of the contracting parties' on a 'take-it-or-leave-it' basis." Id. *citing* Nacino v. Koller, 101 Hawai`i 466, 473, 71 P.3d 417, 424 (2003).

[Mem. in Supp. of Motion for Reconsideration at 10 (some alterations Pltfs.') (footnote omitted).] However, Narayan and the instant case have a critical factual difference. In Narayan:

> The purchase agreements contain two clauses relating to dispute resolution: a jury waiver clause and an attorneys' fee clause. While these clauses do not mention a binding agreement to arbitrate, the purchase agreement references another document, the Declaration of Condominium Property Regime of Kapalua Bay Condominium (declaration), which includes an arbitration clause. The Defendants recorded the declaration and the Association of Apartment Owners of Kapalua Bay Condominium Bylaws (AOAO bylaws) in the State of Hawai`i Bureau of Conveyances prior to the sale of the individual condominium units to the Homeowners. Additionally, the Defendants registered the Condominium Public Report (public report) with the Hawai`i Real Estate Commission. All of these documents are incorporated by reference through the purchase agreement.

9

> The arbitration clause is found towards the
> end of the thirty-six page condominium
> declaration . . . .

140 Hawai`i at 346-47, 400 P.3d at, 547-48. In contrast, the Limitations Provisions in the instant case were within Plaintiffs' Sales Contracts themselves – not another document merely incorporated by reference in the Sales Contracts. Further, Plaintiffs acknowledged each page of the Sales Contracts, including the pages with the Limitation Provisions. [11/30/17 Order at 18-21.] Thus, Narayan does not require a ruling that the Limitation Provisions in the instant case were procedurally unconscionable. Plaintiffs fail to establish that this Court committed manifest error in the procedural unconscionability analysis.

As to Plaintiffs' substantive unconscionability argument, this Court did consider whether the Limitations Provisions were unreasonably favorable to Centex and concluded the provisions were not unreasonably favorable because they "provide[d] for a significant remedy – rescission, with interest and reasonable attorneys' fees and costs, less income from the unit." [11/30/17 Order at 42.] Plaintiffs merely disagree with this Court's conclusion, and their disagreement does not constitute grounds for reconsideration of the 11/30/17 Order. See Davis, 2014 WL 2468348, at *3 n.4.

Plaintiffs fail to establish there was a manifest error of law or fact in the 11/30/17 Order's unconscionability analysis. The Motion for Reconsideration is therefore denied as to that issue.

## II. **Proof of Recklessness by Centex**

Plaintiffs point out they pled reckless conduct by Centex, and they presented evidence of Centex's reckless conduct, as well as Kanazawa's knowledge of Centex's reckless and fraudulent conduct. [Mem. in Supp. of Motion for Reconsideration at 14.] Plaintiffs argue

> because the Court denied Defendants' motion for summary judgment on Plaintiffs' UDAP claim, Plaintiffs . . . request that this Court clarify its order to make clear that, should Plaintiffs prove their UDAP claim by demonstrating Centex's reckless (or worse) behavior, then they will be entitled to an award of treble damages. Plaintiffs see nothing in the Court's [11/30/17] Order precluding their award of treble damages under UDAP in the event they prove such reckless behavior, and thus they ask that the Court now make that plain.

[Mem. in Supp. of Motion for Reconsideration at 3.]

First, it must be noted there is no UDAP claim against the defendants in this case. What is presented in this case is Plaintiffs' claim that, but for Defendants' malpractice and/or breach of fiduciary duty, Plaintiffs could have prevailed on UDAP claims against Centex. Second, the 11/30/17 Order ruled that, because "a UDAP claim does not **by definition require** fraud or

11

other intentional or reckless conduct," a valid nonrecourse clause would protect a party from liability for UDAP claims. [11/30/17 Order at 39 (emphasis in original).] This Court ruled the Limitations Provisions: were knowingly and willingly entered into; were not procedurally unconscionable; were not prohibited by Chapter 480; and were not substantively unconscionable. [Id. at 40, 42, 47.] This Court therefore concluded, "under Laeroc [Waikiki Parkside, LLC v. K.S.K. (Oahu) Ltd. P'ship, 115 Hawai`i 201, 224, 166 P.3d 961, 984 (2007)], the Limitation Provisions would preclude Plaintiffs from seeking treble damages from Centex in a UDAP claim." [Id. at 47.] Thus, Plaintiffs' statement that nothing in the 11/30/17 Order precludes them from seeking lost treble damages from Defendants in this case is flatly wrong.

What is pertinent is that the 11/30/17 Order recognizes a nonrecourse provision is "valid to the extent it does not waive liability in situations of intentional or reckless conduct." [11/30/17 Order at 38 (quoting Laeroc Waikiki Parkside, LLC v. K.S.K. (Oahu) Ltd. P'ship, 115 Hawai`i 201, 224, 166 P.3d 961, 984 (2007)).] While a plaintiff is not required to prove fraud or other intentional or reckless conduct to prove a UDAP claim, such conduct can be used to support a UDAP claim. See id. at 39 (citing Lynch v. Fed. Nat'l Mortg. Ass'n, CIVIL NO. 16-00213 DKW-KSC, 2017 WL 3908663, at *10 (D. Hawai`i Sept. 6, 2017) (listing the elements of a UDAP claim)). Under Laeroc, the

12

Limitation Provisions do not waive Centex's liability for intentional or reckless conduct. Thus, the Limitation Provisions do not precluded recovery if Plaintiffs can establish that, but for Defendants' legal malpractice and/or breach of fiduciary duty, Plaintiffs would have: 1) prevailed on UDAP claims against Centex; and 2) proven those claims by establishing Centex engaged in reckless or intentional conduct. To the extent the 11/30/17 Order suggests otherwise, the Court provides clarification.

Further, to the extent the Damages Motion sought summary judgment on the ground that Plaintiffs cannot establish reckless or intentional conduct by Centex, the Court clarifies that, for reasons similar to those discussed regarding Plaintiffs' evidence of actual damages, [id. at 32-37,] there are genuine issues of material fact for trial as to whether Centex engaged in reckless or intentional conduct that could have supported Plaintiffs' UDAP claim against it.

If Plaintiffs establish at trial that, but for Defendants' legal malpractice and/or breach of fiduciary duty, Plaintiffs would have prevailed on UDAP claims against Centex and Plaintiffs would have proven those UDAP claims with intentional or reckless conduct by Centex, Plaintiffs will be able to recover the lost UDAP remedies from Defendants. Plaintiffs cannot recover lost treble damages which they claim would have been recovered against Centex. Hawai`i courts have recognized that:

13

"Treble damages are a form of deterrence and hence serve a purpose similar to punitive damages. A legislative purpose of HRS § 480-2 was the deterrence of fraudulent, unfair or deceptive business practices." Davis v. Wholesale Motors, Inc., 86 Hawai`i 405, 421, 949 P.2d 1026, 1042 (Ct. App. 1997) (citation and quotation marks omitted).

Hawai`i courts have not addressed the issue of whether lost treble damages can be recovered as part of the plaintiff's compensatory damages in a legal malpractice claim. For the same reasons set forth in the analysis of whether lost punitive damages are recoverable, [11/30/17 Order at 48-54,] this Court predicts the Hawai`i Supreme Court would hold that an attorney cannot be held liable for lost treble damages in a legal malpractice claim.

Thus, insofar as the Motion for Reconsideration seeks a ruling that Plaintiffs may seek treble damages that they could have recovered from Centex as part of their compensatory damages in their claims against Defendants, the Motion for Reconsideration is denied. Insofar as the Motion for Reconsideration seeks a ruling that Plaintiffs may seek **other UDAP remedies** they could have recovered from Centex as part of their compensatory damages in their claims against Defendants, the Court clarifies its prior order. Plaintiffs' damages in this case will include lost UDAP remedies – except for treble damages,

if Plaintiffs prove they would have been able to establish their UDAP claims against Centex by proving Centex engaged in reckless or intentional actions or omissions.

## CONCLUSION

On the basis of the foregoing, Plaintiffs' Motion for Reconsideration or, in the Alternative, for Clarification of a Portion of Court's Order: Denying Defendants' Motion for Summary Judgment on the Claims Asserted by Plaintiff Hye Ja Kim; Denying Defendants' Motion for Summary Judgment on the Claims Asserted by Plaintiffs in Counts I and II of the Complaint; and Granting in Part and Denying in Part Defendants' Motion for Summary Judgment for Lack of Actual Damages, or Alternatively, for Partial Summary Judgment Regarding Punitive Damages Arising out of the Acts or Omissions of Centex Homes, filed December 14, 2017, is HEREBY DENIED.

The Motion for Clarification is GRANTED insofar as the 11/30/17 Order is clarified as follows: 1) if Plaintiffs establish they could have prevailed on an UDAP claim against Centex by proving Centex engaged in conduct that was reckless or intentional, the nonrecourse clauses in their contracts with Centex would not apply; 2) there are genuine issues of material fact for trial as to whether Centex engaged in intentional or reckless conduct that would support a UDAP claim; 3) the remedies Plaintiffs could have obtained if they prevailed in UDAP claims

15

against Centex are part of Plaintiffs' damages in their claims against Defendants in this case; but 4) because treble damages are similar in nature to punitive damages, Plaintiffs cannot recover any treble damages they could have recovered from Centex as damages in this case against Defendants.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 12, 2018.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JEREMY GREEN, ET AL. VS. SIDNEY K. KANAZAWA, ETC.; CIVIL NO. 16-00054 LEK; HYE JA KIM VS. SIDNEY K. KANAZAWA, ETC.; CIVIL NO. 16-00055 LEK; ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION AND GRANTING CLARIFICATION**