| | |
|---|---|
| JEREMY GREEN and SHIZUKO GREEN, <br><br>        Plaintiffs, <br><br>    vs. <br><br> SIDNEY K. KANAZAWA, ESQ., a resident of California, MCGUIREWOODS, LLP, a Virginia limited liability partnership, and DOE DEFENDANTS 1-50, <br><br>        Defendants. | CIVIL 16-00054 LEK-KSC |
| HYE JA KIM, <br><br>        Plaintiff, <br><br>    vs. <br><br> SIDNEY K. KANAZAWA, ESQ., a resident of California, MCGUIREWOODS, LLP, a Virginia limited liability partnership, and DOE DEFENDANTS 1-50, <br><br>        Defendants. | CIVIL 16-00055 LEK-KSC |

**ORDER GRANTING IN PART AND DENYING IN PART
<u>DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW</u>**

Before the Court is Defendants Sidney Kanazawa and McGuireWoods, LLP's (collectively "Defendants") Motion for Judgment as Matter of Law ("Motion"), filed on May 10, 2018.[1]

---

[1] On May 14, 2018, Defendants filed their "Submission of
                                               (continued...)

[Dkt. no. 385.]  Plaintiffs Jeremy Green and Shizuko Green, and Hye Ja Kim (collectively "Plaintiffs") filed their memorandum in opposition on May 15, 2018.  [Dkt. no. 398.]  This matter came on for hearing on May 18, 2018.  For the reasons set forth below, Defendants' Motion is hereby granted in part and denied in part.

## BACKGROUND

Based on their prior filings, this Court has found that Plaintiffs' claims allege Defendants committed legal malpractice and breached their fiduciary duties in: 1) their representation of Plaintiffs culminating in Centex Homes' ("Centex") compliance with the 2010 Settlement Agreement and in their representation during the period until Centex complied with the Settlement and Release Agreement, dated and effective as of February 9, 2010 ("2010 Settlement Agreement" and "2010 Settlement Claims"); 2) failing to advise Plaintiffs that the 2010 Settlement Agreement did not release claims Plaintiffs may have had against Centex related to the period beginning in 2011 when Plaintiffs were prevented from using certain Beach Villas at Ko Olina ("Beach Villas") amenities ("Lockout" and "Lockout Claims"); and 3) violating their continuing duties to Plaintiffs by working with Centex regarding a 2013 "Settlement and Release Agreement; Joinder by AOAO" ("2013 Settlement Agreement" and "2013

---

[1] (...continued)
Final Transcripts in Support of Motion for Judgment as a Matter of Law [Doc. 385]."  [Dkt. no. 394.]

Settlement Claims"). See Order: Denying Defs.' Motion for Summary Judgment on the Claims Asserted by Pltf. Hye Ja Kim; Denying Defs.' Motion for Summary Judgment on the Claims Asserted by Pltfs. in Counts I and II of the Complaint; and Granting in Part and Denying in Part Defs.' Motion for Summary Judgment for Lack of Actual Damages, or Alternatively, for Partial Summary Judgment Regarding Punitive Damages Arising out of the Acts or Omissions of Centex Homes ("11/30/17 Order"), filed 11/30/17 (dkt. no. 200), at 26-31.

At the close of Plaintiffs' case, Defendants filed the instant Motion seeking judgment as a matter of law as to all of Plaintiffs' claims.

**STANDARD**

Fed. R. Civ. P. 50(a)(1) states:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> (A) resolve the issue against the party; and
>
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

This Court has stated:

> The standard for judgment as a matter of law mirrors that for granting summary judgment. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 149-50 (2000). "[I]n entertaining a

3

> motion for judgment as a matter of law, the court
> . . . may not make credibility determinations or
> weight the evidence." Id. at 149. Rather, the
> court "must view the evidence in the light most
> favorable to the nonmoving party . . . and draw
> all reasonable inferences in that party's favor."
> Josephs v. Pac. Bell, 443 F.3d 1050, 1062 (9th
> Cir. 2006). Where there is sufficient conflicting
> evidence, or if reasonable minds could differ over
> the verdict, judgment as a matter of law is
> improper. Pierson v. Ford Motor Co.,
> No. C 06-6503 PJH, 2009 WL 3458702, at *1 (N.D.
> Cal. Oct. 23, 2009); see generally Kern v. Levolor
> Lorentzen, Inc., 899 F.2d 772, 775 (9th Cir.
> 1990).

Barranco v. 3D Sys. Corp., CIVIL NO. 13-00412 LEK-RLP, 2017 WL 1900970, at *2 (D. Hawai`i May 9, 2017) (alterations in Barranco) (some citations omitted).

## DISCUSSION

**I.  2010 Settlement Claims**

As to all of the liability issues raised in the Motion regarding the 2010 Settlement Claims, the Court concludes that "there is sufficient conflicting evidence" and "reasonable minds could differ over the verdict" as to Defendants' liability for the 2010 Settlement Claims. See Pierson, 2009 WL 3458702, at *1.

In particular, Defendants' request to strike Ellen Pansky's testimony is DENIED. Defendants' arguments may be addressed during closing as credibility and weight issues; they do not constitute grounds to strike Ms. Pansky's testimony, either in whole or in part.

4

As to the issue of whether Plaintiff Shizuko Green ("Mrs. Green") would have pursued a claim for rescission against Centex, "Hawai`i law is clear that one spouse by himself cannot not rescind the sale of property held as tenants by the entirety." Carson v. Kanazawa, CIVIL 14-00544 LEK-KSC, 2017 WL 3444764, at *14 (D. Hawai`i Apr. 30, 2017). Thus, Plaintiff Jeremy Green ("Mr. Green") could not rescind the purchase of their unit by himself because neither spouse can "encumber or convey their respective unit by himself (or herself)" when the unit is held as tenants by the entirety. See id. (citing Sawada v. Endo, 57 Haw. 608, 616, 561 P.2d 1291, 1297 (1977) ("an estate by the entirety is not subject to the claims of the creditors of one of the spouses during their joint lives"); Traders Travel Int'l, Inc. v. Howser, 69 Haw. 609, 613, 753 P.2d 244, 246 (1988) ("neither spouse can convey an interest alone")). However, there is circumstantial evidence in the record from which a reasonable jury could find, by a preponderance of the evidence, that Mrs. Green shared Mr. Green's position regarding rescission of their Beach Villas unit. The Court also notes there is no evidence in the record suggesting that Mrs. Green did not share Mr. Green's position. In short, whether Mrs. Green would have affirmatively sought rescission is a question for the jury as fact finder. Plaintiffs will not be permitted to reopen their case to have Mrs. Green testify on this issue because Plaintiffs

5

could have called her in their case-in-chief, but made the strategic decision not to do so.

Defendants also argue there is insufficient evidence in the trial record that Plaintiff Hye Ja Kim ("Mrs. Kim") would have pursued a rescission claim against Centex. During her direct examination, Mrs. Kim testified:

> Q   Mrs. Kim, if the lawyer had told you that you had an opportunity to sell your condominium unit back to Centex in 2010 for more money than you had paid for it, is that an opportunity you would have pursued?
>
> A   Of course I would have done that.

[Mem. in Opp., Decl. of J. Robert Arnett II, Exh. 5 (excerpts 5/3/18 Trial Trans. (Trial Day 5)) at 27.] The question is not a model of clarity and does not convey the fact that, unless Centex agreed to the rescission request, Mrs. Kim would have been required to go through arbitration, and potentially other, proceedings. However, this testimony must be considered in the context of the record as a whole. Immediately after this testimony, Mrs. Kim also stated she would have sold her unit back to Centex because "the property has dropped within two years and there was some problems that we had to hire the lawyer, and I was in doubt about this building." [Id.] Further, Mrs. Kim authorized her son-in-law, Jinho Han ("Mr. Han"), to join – on her behalf – the group of unit owners who had hired Defendant Sidney Kanazawa ("Mr. Kanazawa") to represent them, and Mr. Han

6

was included on emails discussing Mr. Kanazawa's efforts on behalf of the group. Rescission claims were discussed in those emails and their attachments, at a minimum in the context of the waiver of rescission claims in the 2010 Settlement Agreement. It is arguably possible that a reasonable juror would infer Mr. Han conveyed the information in those emails to Mrs. Kim. Viewing the evidence in the light most favorable to Plaintiffs, this Court finds that a reasonable juror could find that there is legally sufficient evidence in the record that: Mrs. Kim understood in 2010 that selling her unit back to Centex would have involved a rescission claim; and she would have pursued that option if Mr. Kanazawa had advised her about it. The jury, as fact finder, will ultimately have to decide whether Mrs. Kim would have pursued a rescission claim. In ruling on a Rule 50(a) Motion, this Court cannot invade the province of the jury by considering the credibility of witnesses or the weight of evidence. See Josephs, 443 F.3d at 1062.

The Motion is denied as to all liability issues related to the 2010 Settlement Claims, including issues not expressly discussed in this Order.

## II. Lockout Claims

As to the Lockout Claims, Plaintiffs state they are not seeking damages related to the Lockout. [Mem. in Opp. at 2.] Even apart from Plaintiffs' representation, the Motion is granted

7

as to the Lockout Claims.  There was testimony presented about
the Lockout, and there was evidence that Defendants never
expressly informed Plaintiffs: an event happened after the
execution of the 2010 Settlement Agreement; Plaintiffs may have
claims arising from that event; and those claims were not covered
by the release provisions of the 2010 Settlement Agreement.
However, Plaintiffs did not present evidence that: Defendants'
failure to so advise Plaintiffs breached the duties an attorney
owes his client; there is a causal connection between that breach
and any injury, or injuries, suffered by Plaintiffs; and
Plaintiffs suffered actual loss or damages.  Because Plaintiffs
failed to present evidence supporting essential elements of their
legal malpractice claim based on the Lockout, <u>see</u> 11/30/17 Order
at 32 (stating elements of a legal malpractice claim under
Hawai`i law), reasonable minds could not differ over the verdict
as to that portion of Plaintiffs' legal malpractice claim.
Similarly, the lack of evidence is fatal to the corresponding
portion of Plaintiffs' breach of fiduciary duty claim.  <u>See</u> <u>Swift
v. Swift</u>, No. CAAP-13-0000101, 2016 WL 3573970, at *3 (Hawai`i
Ct. App. June 30, 2016) (describing the elements of a breach of
fiduciary duty claim).  Reasonable minds could not differ over
the verdict as to the portion of Plaintiffs' breach of fiduciary
duty claim based on the Lockout.

**III. 2013 Settlement Claims**

As to the 2013 Settlement Claims, Plaintiffs state they are not seeking damages related to the 2013 Settlement. [Mem. in Opp. at 2.] Even apart from Plaintiffs' representation, the Motion is granted as to the 2013 Settlement Claims. Testimony was presented about the 2013 Settlement Agreement and the dispute that gave rise to that agreement. However, no testimony was presented to support Plaintiffs' theory that, after terminating their representation of Plaintiffs, Defendants worked with Centex, and that work culminated in the 2013 Settlement Agreement. Even if some evidence at trial could be considered to support that proposition, there has been no evidence that Plaintiffs suffered losses or damages as a result of Defendants' actions and omissions related to the 2013 Settlement Agreement. Reasonable minds could not differ over the verdict as to the 2013 Settlement Claims.

**IV. Punitive Damages**

Based on the Court's rulings, the jury will only deliberate regarding the 2010 Settlement Claims. Although Plaintiffs previously argued they are entitled to punitive damages, see 11/30/17 Order at 6, they have now waived that argument. See Mem. in Opp. at 19 ("Plaintiffs will not be arguing a punitive damages claim."). Even apart from Plaintiff's wavier, the Motion is granted as to the issue of Plaintiffs'

entitlement to punitive damages. The applicable legal principles regarding punitive damages are set forth in the 11/30/17 Order. [11/30/17 Order at 50-51.]

In order to recover punitive damages, Plaintiffs must prove, by clear and convincing evidence, that Defendants "acted wantonly or oppressively or with such malice as implies a spirit of mischief or criminal indifference to civil obligations, or where there has been some wilful misconduct or that entire want of care which would raise the presumption of a conscious indifference to consequences." See Masaki v. General Motors Corp., 71 Haw. 1, 16-17, 780 P.2d 566, 575 (1989). Plaintiffs have not presented any evidence that would constitute clear and convincing evidence that Defendants' actions and omissions in this case rose to this level. Reasonable minds could not differ over the issue of whether Plaintiffs are entitled to punitive damages.

**V.    Other Issues**

To the extent Defendants' Motion requests that this Court give certain jury instructions, this Court declines to address that request in the context of Rule 50. Defendants may present their request and supporting arguments during the settling of the jury instructions.

To the extent that the Motion seeks a ruling that Plaintiffs could not have pursued unfair or deceptive acts or

practices ("UDAP") claims against Centex, the Motion is denied as moot. Such a ruling is unnecessary at this stage because this issue has already been resolved in prior orders issued by this Court.

As to any other issue presented in Defendants' Motion that is not expressly addressed in this ruling, the Motion is denied because there is sufficient conflicting evidence regarding that issue, and reasonable minds could differ over the verdict.

## CONCLUSION

On the basis of the foregoing, Defendants' Motion for Judgment as Matter of Law, filed May 10, 2018, is HEREBY GRANTED IN PART AND DENIED IN PART. Specifically, the Motion is GRANTED as to: the claims in Plaintiffs' complaints based on the Lockout and the 2013 Settlement Agreement; and Plaintiffs' request for punitive damages. Defendants' Motion is DENIED in all other respects. In addition, Plaintiffs' request to reopen their case to call Plaintiff Shizuko Green as a witness is DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 18, 2018.



    /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JEREMY GREEN, ET AL. VS. SIDNEY KANAZAWA, ET AL; CIVIL 16-00054 LEK-KSC; HYE JA KIM VS. SIDNEY KANAZAWA, ET AL; CIVIL 16-00055 LEK-KSC; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW**