IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JEREMY GREEN and SHIZUKO GREEN, | ) ) ) | CIVIL 16-00054 LEK-KSC |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| SIDNEY K. KANAZAWA, ESQ., a resident of California, MCGUIREWOODS, LLP, a Virginia limited liability partnership, and DOE DEFENDANTS 1-50, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |
| HYE JA KIM, | ) ) | CIVIL 16-00055 LEK-KSC |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| SIDNEY K. KANAZAWA, ESQ., a resident of California, MCGUIREWOODS, LLP, a Virginia limited liability partnership, and DOE DEFENDANTS 1-50, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**ORDER RULING ON MEASURE OF DAMAGES FOR RESCISSION**

On April 24, 2018, Defendants Sidney K. Kanezawa ("Mr. Kanezawa") and McGuireWoods LLP (collectively "Defendants") filed their Brief Regarding the Measure of Damages ("Defendants' 4/24 Trial Brief"). [Dkt. no. 353.] Plaintiffs Jeremy Green and Shizuko Green ("the Greens"), and Hye Ja Kim ("Mrs. Kim,"

collectively "Plaintiffs") filed their Trial Brief on the Measure of Damages on May 9, 2018 ("Plaintiffs' Trial Brief"). [Dkt. no. 384.] On May 17, 2018, Defendants filed their Trial Brief Regarding (1) Personal Use Component of Damages, (2) Interest, and (3) Depreciation ("Defendants' 5/17 Trial Brief"). [Dkt. no. 399.] The Court hereby clarifies its prior orders and rulings in this matter regarding the measure of damages, and rules on the parties' requests contained in Plaintiffs' Trial Brief, Defendants' 4/24 Trial Brief, and Defendants' 5/17 Trial Brief as set forth below.

**BACKGROUND**

The issue at hand, the measure of damages that Plaintiffs may recover if they prevail in the instant action, was first raised with this Court in Plaintiffs' Motion in Limine #1 to: (1) Exclude Evidence of Property Values and Rental Income After the Date on Which Plaintiffs Lost Their Claims Against Centex; (2) to Exclude Evidence Which Seeks to Deny that Plaintiffs Had Claims Against Centex Based on the Lockout; and (3) to Establish Defendants' Burden regarding "Lockout Claims" ("MIL 1"), filed April 3, 2018. [Dkt. no. 233.] On April 16, 2018, this Court denied MIL 1 and ruled, in pertinent part, as follows:

> Plaintiffs contend that, but for Defendants' negligence, they would have been able to bring their [Haw. Rev. Stat.] § 514A-69 claim as of February 9, 2010 and would have been successful in

2

> rescinding the condominium purchase contract in
> return for the "full amount paid by the purchaser,
> with interest, together with all taxable court
> costs and reasonable attorney's fees . . . ." <u>Id.</u>
> Since § 514A-69 limits its remedies to actions
> brought within "two years from the date of the
> sale," Plaintiffs are currently time-barred from
> availing themselves of this section's remedies and
> thus bring the instant action seeking compensatory
> damages for alleged professional negligence which
> they claim caused them to release this claim in
> the 2010 Settlement.
>
> In short, the Court FINDS that **a component** of
> Plaintiffs' measure of damages is rescission
> damages as set forth in § 514A-69 (that is,
> purchase amount paid, with interest, taxable court
> costs and reasonable attorney's fees). Damages
> calculation (and thus any evidence related to it)
> are not limited to what is provided in § 514A-69.
> This is for the simple and practical reason that
> the application of § 514A-69 is a fiction since
> Plaintiffs will not be required to return
> ownership of the condominiums. As such,
> Plaintiffs' benefit and burden of ownership since
> purchasing the condominiums play a role in
> calculating damages.

[Order Denying Plaintiffs' Motion in Limine #1 ("Order Denying MIL 1"), filed 4/16/18 (dkt. no. 303), at 4 (emphasis in original).] Following this ruling, Defendants filed Defendants' 4/24 Trial Brief to reiterate their understanding of the Court's ruling as to the measure of damages, specifically that "the value of Plaintiffs' units, measured by the current market value of the units as of the date of trial, must be deducted from any damage award." [Defs.' 4/24 Trial Brief at 4.]

The Court subsequently ruled, on May 2, 2018 at trial, "that the current fair market value of Plaintiffs' units must be

3

subtracted from the total of the §514A-69 remedy and monetary burden of ownership less the reasonable monetary benefit of ownership and the value of the personal use of the respective units." [Defs.' 5/17 Trial Brief at 3 (citing Defs.' 5/17 Trial Brief, Decl. of Michi Momose, Exh. 2 (excerpts of 5/2/18 Trial Trans. (Trial Day 4)) at 117:7-11).]

Plaintiffs filed their Trial Brief and, apparently, are seeking reconsideration of the Court's ruling on MIL 1 by arguing that deduction of the market value of Plaintiffs' units at the time of trial from any rescission damages awarded (*i.e.*, the recovery permitted in Haw. Rev. St. § 514A-69) "unfairly penalizes Plaintiffs and confers an unwarranted benefit on Defendants." [Pltfs.' Trial Brief at 5.]

In their 5/17 Trial Brief, Defendants draw a finer point on the Court's rulings and take issue with three contentions: first, that occupancy of the units dictate whether a benefit was conferred; second, that interest should not be awarded on the rescission price; and depreciation should not be awarded.

### DISCUSSION

**I. Plaintiffs' Trial Brief**

This Court has explained the standard applicable to motions for reconsideration as follows:

> A motion for reconsideration must
> (1) "demonstrate reasons why the court should

> reconsider its prior decision" and (2) "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Hele Ku KB, LLC v. BAC Home Loans Servicing, LP, 873 F. Supp. 2d 1268, 1289 (D. Haw. 2012). The Ninth Circuit has held that reconsideration is appropriate if (1) the district court is presented with "newly discovered evidence," (2) the district court "committed clear error or the initial decision was manifestly unjust," or (3) "if there is an intervening change in controlling law." Nunes v. Ashcroft, 375 F.3d 805, 807 (9th Cir. 2004).

Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., Civil No. 12-00064 LEK-KSC, 2015 WL 274131, at *2 (D. Hawai`i Jan. 21, 2015) (some citations omitted). "Mere disagreement with a previous order is an insufficient basis for reconsideration." Barnes v. Sea Hawaii Rafting, LLC, 16 F. Supp. 3d 1171, 1183 (D. Hawai`i 2014) (citation omitted).

Plaintiffs essentially seek reconsideration of the Court's prior rulings on the measure of damages. Respectfully, the Court finds there is no basis to do so and thus declines to change its rulings regarding the measure of damages.

While Plaintiffs argue that they "are not seeking rescission or rescissory damages against Defendants . . . . [but] compensatory damages from Defendants measured by the value of the claims against Centex they lost." [Pltfs.' Trial Brief at 12.] The claim that they lost as a result of the 2010 Settlement Agreement with Centex was the right to seek rescission under Haw. Rev. Stat. § 514A-69. Rescission damages are therefore integral

5

to the computation of their damages for legal malpractice in the instant matter.

Moreover, as referenced in Defendants' proposed jury instruction,[1] the doctrine of *quasi-estoppel* is aptly applied to the case at hand:

> "Hawai`i recognizes the theory of quasi-estoppel, which is 'a species of equitable estoppel which has its basis in election, waiver, acquiescence, or even acceptance of benefits and which precludes a party from asserting to another's disadvantage, a right inconsistent with a position previously taken by [the party].'" Cvitanovich-Dubie v. Dubie, 123 Hawai`i 266, 276, 231 P.3d 983, 993 (App. 2010) (quoting Anderson v. Anderson, 59 Haw. 575, 589, 585 P.2d 938, 947 (1978)[)]. Furthermore, "[u]nlike equitable estoppel, an estoppel by acquiescence does not require a showing of detrimental reliance or prejudice." 31 C.J.S. Estoppel and Waiver § 175 (2018).

Harrison v. Casa De Emdeko, Inc., SCWC-15-0000744, 2018 WL 1958866, at *14 (Hawai`i Ct. App. Apr. 26, 2018) (some alterations in Harrison). Here, Plaintiffs bring professional negligence and breach of fiduciary duty claims against Defendants, and allege that Defendants failed to advise

---

[1] Defendants' Proposed Closing Jury Instruction No. 43 [Quasi Estoppel], [Defs.' Suppl. Jury Instructions, filed 4/11/18 (dkt. no. 288) at 55,] however, is refused by the Court because it does not address nor assist in resolving any factual issue which the jury is charged to decide, nor is the legal proposition for which it is cited - that *quasi estoppel* bars Plaintiffs from recovering damages for claims of legal negligence and breach of fiduciary duty - correct. Should Plaintiffs prevail on the liability issues of their claims, *quasi estoppel*, under the facts of this case, potentially reduces but does not bar Plaintiffs' recovery.

6

Plaintiffs about their ability to sue Centex under Haw. Rev. Stat. § 514A-69 (Hawai`i Condominium Act) and, had Defendants properly done so, Plaintiffs would have sought rescission, litigated either in court or in arbitration, and would have successfully been awarded rescission damages. As this Court already ruled, rescission is **a component** of the measure of damages in Plaintiffs' legal malpractice and breach of fiduciary action. [Order Denying MIL 1 at 4.] Under the doctrine of *quasi-estoppel*, Plaintiffs' acceptance of the benefits conferred from owning, renting and using their units after June 9, 2010 cannot be ignored and must be taken into account in the measure of Plaintiffs' damages. Furthermore, it bears repeating, Plaintiffs cannot reconvey their units to Centex as required if they successfully prevailed in rescinding the sales contracts, and thus they have accepted the benefit conferred (which includes the present market value of their units).

In conclusion, Plaintiffs' request for reconsideration of the Court's rulings regarding the calculation of damages is hereby DENIED.

## II. Defendants' 5/17 Trial Brief

The Court addresses each of the three points raised by Defendants as follows:

First, Mr. Green and Mrs. Kim testified at trial about expenses incurred for their respective units since February 9,

2010, and the approximate number of days that they – or, in the case of Mrs. Kim, family members – personally used the unit, and the number of days for which they received income from renting the units.  Defendants argue that each and every day since February 9, 2010 must be accounted for - that is, an accounting for all expenses incurred must be deducted from an accounting of monetary value for every day since February 9, 2010 to the present, regardless of whether the unit was rented, personally used, or remained vacant.

The Court looks to the contract which Plaintiffs entered into for the purchase of the units and finds the following language instructive:

> c.  In the event that Purchaser establishes, after Closing, that there has been any violation of federal or state securities laws or disclosure laws or other breach of the obligations of Seller under the terms of this Sales Contract, Purchaser agrees that Purchaser's sole remedy shall be rescission of this Sale Contract pursuant to Hawaii Revised Statutes Section 514A-69, as amended, pursuant to which **Purchaser shall be entitled upon reconveyance of the Apartment to recover the Total Purchase Price actually paid by Purchaser, together with interest thereon at the rate of six percent (6%) per annum, and the amount of any reasonable attorneys' fees (based upon reasonable hourly rates) and costs that Purchaser actually paid, less the amount of any income that Purchaser received.**  Purchaser agrees that any other expenses that Purchaser incurs including, but not limited to, real property taxes, Condominium Association assessments, interest payments on mortgages and mortgage loan fees, shall constitute the reasonable use value of the

>     apartment from Closing until the date of repayment
>     and shall not be recoverable from Seller.

[Defs.' Exh. 1027 (Beach Villas at Ko Olina, Ocean Tower Sales Contract for Apartment No. O-226), at ¶ 23c (emphasis added).[2]] Plaintiffs' measure of damages under the contract has a limitation on the amount of income which will be deducted from the total purchase price, together with interest and reasonable attorneys' fees and costs actually paid.  This limitation is: "amount of any income that Purchaser **received**."  [Id. (emphasis added).]  There does not seem to be a rational reason to treat the post-rescission income calculation any differently from the pre-rescission calculation.  It is a depressing but undeniable fact of life that financial obligations for real property (such as mortgage payments, maintenance and taxes) typically persist regardless of whether or not the property generates income or provides shelter, but this inequity alone is not sufficient to charge Plaintiffs with receipt of income.  Said another way, there was no income or benefit received by Plaintiffs on those dates that the units went unoccupied, and therefore the Court declines to rule that Plaintiffs should be charged for these periods of time.

---

[2] Paragraph 23c of Plaintiffs' Exhibit 15, the Beach Villas at Ko Olina, Ocean Tower Sales Contract for Apartment No. O-425(b) contains the same language.

Defendants argue that Plaintiffs contend that they "should be able to recover interest accruing at a rate of 6% or 10% from February 9, 2010 on the rescission price to compensate Plaintiffs 'for the lost opportunity of being able to spend or invest money sooner.'" [Defs.' 5/17 Trial Brief at 10 (quoting Pltfs.' Trial Brief at 5-6).] Defendants submit that Plaintiffs must prove actual damages to recover on a legal malpractice claim and thus recovery of lost investment opportunity is speculative and not permissible. The Court agrees. Recovery of damages for lost investment opportunity is not supported by law and will not be permitted.

Third, Defendants protest Mr. Green's testimony regarding depreciation in the amount of $24,252 which he included as an expense or "burden of ownership." Defendants' objections are two-fold: first, the depreciation was with regard to the furniture in his unit and not the real property, and second, depreciation is not a cash expense but an accounting measurement. Also, Defendants point out that the Greens have listed depreciation on their tax returns to reduce taxable income and thus have received financial benefit from depreciation attributed to their unit. The Court agrees. Recovery of depreciation in this instance is not supported by law and therefore is not permissible.

**CONCLUSION**

For the foregoing reasons, the Court rules as follows: (1) to the extent Plaintiffs seek reconsideration of the Court's rulings regarding measure of damages, Plaintiffs' request for reconsideration is HEREBY DENIED; (2) as to Defendants' request that the measure of damages include monetary value for every day since February 9, 2010 to the present, regardless of whether the unit was rented, personally used, or remained vacant, Defendants' request is HEREBY DENIED; (3) as to Defendants' request that the Court rule that Plaintiffs must prove actual damages to recover on a legal malpractice claim and thus recovery of lost investment opportunity is speculative and not permissible, Defendants' request is HEREBY GRANTED; and (4) as to Defendants' request that the Court rule that recovery of depreciation in this instance is not supported by law and therefore not permissible, Defendants' request is HEREBY GRANTED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 21, 2018.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JEREMY GREEN, ET AL. VS. SIDNEY KANAZAWA, ET AL**; CIVIL 16-00054 LEK-KSC; **HYE JA KIM VS. SIDNEY KANAZAWA, ET AL**; CIVIL 16-00055 LEK-KSC; ORDER RULING ON MEASURE OF DAMAGES FOR RESCISSION