```
IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

JEREMY GREEN and SHIZUKO    )   CIVIL 16-00054 LEK-KSC
GREEN,                      )
                            )
         Plaintiffs,        )
                            )
    vs.                     )
                            )
SIDNEY K. KANAZAWA, ESQ.,   )
a resident of California,   )
MCGUIREWOODS, LLP, a Virginia)
limited liability           )
partnership, and DOE        )
DEFENDANTS 1-50,            )
                            )
         Defendants.        )
_____)
HYE JA KIM,                 )   CIVIL 16-00055 LEK-KSC
                            )
         Plaintiff,         )
                            )
    vs.                     )
                            )
SIDNEY K. KANAZAWA, ESQ.,   )
a resident of California,   )
MCGUIREWOODS, LLP, a Virginia)
limited liability           )
partnership, and DOE        )
DEFENDANTS 1-50,            )
                            )
         Defendants.        )
_____)
```

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' APPEAL OF THE MAGISTRATE JUDGE'S ORDER
STAYING AND DEFERRING RULING ON DEFENDANTS' MOTION FOR
ATTORNEYS' FEES AND RELATED NON-TAXABLE COSTS AND BILL OF COSTS;
<u>AND AFFIRMING THE MAGISTRATE JUDGE'S ORDER, AS MODIFIED</u>**

On July 2, 2018, United States Magistrate Judge

Kevin S.C. Chang issued an Order Staying and Deferring Ruling on

Defendants' Motion for Attorneys' Fees and Related Non-taxable

Costs and Bill of Costs ("Stay Order"). [Dkt. no. 474.] Defendants Sidney Kanazawa and McGuireWoods, LLP (collectively "Defendants") filed an appeal from the Stay Order ("Appeal") on July 12, 2018. [Dkt. no. 476.] Plaintiffs Jeremy Green and Shizuko Green ("the Greens"), and Hye Ja Kim (collectively "Plaintiffs") filed their memorandum in opposition to the Appeal on July 26, 2018, and Defendants filed a reply on August 8, 2018. [Dkt. nos. 480, 481.] The Court has considered the Appeal as a non-hearing matter pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). Defendants' Appeal is hereby granted in and part and denied in part, for the reasons set forth below. The Appeal is denied insofar as the imposition of the stay is affirmed, and the Appeal is granted insofar as: the Stay Order is modified by this Order; and the stay is conditioned upon Plaintiffs' posting of a supersedeas bond in the amount of $3,034,587.17. Thus, the Stay Order, as modified by the instant Order, is affirmed.

## BACKGROUND

On February 8, 2016, the Greens filed their Complaint in CV 16-00054, and Mrs. Kim filed her Complaint in CV 16-00055. On May 4, 2016, Judge Chang approved the parties' stipulation to consolidate the cases. [Dkt. no. 34.]

2

On November 30, 2017, this Court issued the Order: Denying Defendants' Motion for Summary Judgment on the Claims Asserted by Plaintiff Hye Ja Kim; Denying Defendants' Motion for Summary Judgment on the Claims Asserted by Plaintiffs in Counts I and II of the Complaint; and Granting in Part and Denying in Part Defendants' Motion for Summary Judgment for Lack of Actual Damages, or Alternatively, for Partial Summary Judgment Regarding Punitive Damages Arising out of the Acts or Omissions of Centex Homes ("Summary Judgment Order"). [Dkt. no. 200.]

The trial on the remaining claims started on April 25, 2018 with jury selection. [Minutes, filed 4/25/18 (dkt. no. 355).] On May 22, 2018, the parties presented their closing arguments, and the jury began its deliberations. [Minutes, filed 5/22/18 (dkt. no. 422).] The jury returned its verdicts on May 25, 2018. [Dkt. nos. 436, 437.] On May 30, 2018, the Judgment in a Civil Case was entered in favor of Defendants, based on the jury's verdicts. [Dkt. no. 439.] Plaintiffs have appealed this case to the Ninth Circuit. [Notice of Appeal, filed 6/11/18 (dkt. no. 443).]

On June 13, 2018, Defendants filed their: Bill of Costs ("BOC"); and Motion for Attorneys' Fees and Related Non-taxable Costs ("Motion"). [Dkt. no. 444, 445.] The Motion seeks an award of: $19,345.54 in attorneys' fees from the Greens; $28,837.21 in attorneys' fees from Kim; $2,810,355.27 in

attorneys' fees from Plaintiffs, jointly and severally; and $176,375.97 in non-taxable costs from Plaintiffs, jointly and severally. [Motion at 3.] The BOC seeks $47,855.93 in taxable costs from Plaintiffs, jointly and severally. [BOC at 2.]

On June 14, 2018, Judge Chang, *sua sponte*, directed the parties to file memoranda addressing whether the consideration of the BOC and the Motion should be stayed while the Ninth Circuit appeal was pending. [Dkt. no. 446.] On June 21, 2018, Plaintiffs filed a memorandum in support of a stay and, on June 28, 2018, Defendants filed a memorandum opposing a stay. [Dkt. nos. 470, 473.] The Stay Order followed.

Judge Chang found "judicial economy [would] be served by deferring ruling on the Motion and BOC and staying their disposition until the appeal is resolved." [Stay Order at 2.] Judge Chang noted: the amount of time that would be required to review the voluminous filings would be considerable; [id. at 5;] the "disposition of the Motion and BOC will very likely result in the filing of additional related motions in the future, such as motions for reconsideration and/or objections"; [id. at 6;] it was probable that the Motion and the BOC would not be resolved before Judge Chang retired; and, if Judge Chang issued findings and recommendations on the BOC and Motion prior to retirement, a new magistrate judge would have to resolve any remands from this Court, [id.]. Judge Chang therefore exercised his discretion and

4

stayed and deferred ruling on the Motion and BOC, pending the resolution of the Ninth Circuit appeal. Judge Chang terminated the Motion and BOC, but stated that, once the Ninth Circuit decided the appeal, Defendants could request that the stay be lifted, and the Motion and the BOC would be deemed reactivated, effective as of the original filing date. [Id. at 7-8.]

In the instant Appeal, Defendants argue Judge Chang erred in staying the consideration of the Motion and the BOC because the Ninth Circuit appeal will not simplify the issues presented in the Motion and the BOC. Further, Defendants argue they will be harmed by a stay, and Plaintiffs will not suffer hardship or inequity if the proceedings on the Motion and the BOC go forward. Defendants assert judicial economy supports going forward with the Motion and the BOC.

## **STANDARD**

Local Rule 74.1 states, in pertinent part:

> A magistrate judge may hear and determine any pretrial matter pending before the court, except those motions delineated in LR72.4(a). . . . Any party may appeal from a magistrate judge's order determining a motion or matter under LR72.3 . . . within fourteen (14) days after being served with a copy of the order.

Although Local Rule 74.1 applies to the determination of pretrial matters, the Federal Rules of Civil Procedure provide:

> By local rule, the court may establish special procedures to resolve fee-related issues without extensive evidentiary hearings. Also, the court may refer issues concerning the value of services

5

> to a special master under Rule 53 without regard
> to the limitations of Rule 53(a)(1), and may refer
> a motion for attorney's fees to a magistrate judge
> under Rule 72(b) as if it were a dispositive
> pretrial matter.

Fed. R. Civ. P. 54(d)(2)(D). This district court has such a local rule. See Local Rule LR54.3(h). Thus, in this district court, a magistrate judge may issue orders related to his consideration of a motion for attorneys' fees[1] and those orders are subject to appeal to the district judge in the same manner that a magistrate judge's pretrial orders are.

This Court has stated:

> In considering Petitioner's [post-judgment appeal], this Court must set aside any portion of the magistrate judge's 6/15/12 Order that this Court determines is clearly erroneous or contrary to law. See Local Rule LR74.1; see also 28 U.S.C. § 636(b)(1)(A). "The clearly erroneous standard applies to the magistrate judge's factual findings while the contrary to law standard applies to the magistrate judge's legal conclusions, which are reviewed de novo." Columbia Pictures, Inc. v. Bunnell, 245 F.R.D. 443, 446 (C.D. Cal. 2007) (citations omitted). Under the "clearly erroneous" standard, the magistrate judge's ruling must be accepted unless, after reviewing the entire record, this Court is "'left with the definite and firm conviction that a mistake has been committed.'" United States v. Silverman, 861 F.2d 571, 576-77 (9th Cir. 1988) (some citations omitted) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). The district judge may not simply substitute his or her judgment for that of the magistrate judge. See Grimes v. City & Cnty. of San Francisco, 951

---

[1] A magistrate judge, whether Judge Chang or otherwise, will ultimately issue findings and recommendations regarding Defendants' Motion and the BOC. See Local Rule LR74.2.

> F.2d 236, 241 (9th Cir. 1991). "A decision is
> contrary to law if it applies an incorrect legal
> standard or fails to consider an element of the
> applicable standard." Na Pali Haweo Cmty. Ass'n
> v. Grande, 252 F.R.D. 672, 674 (D. Hawai`i 2008)
> (citation and quotation marks omitted).

Tierney v. Abercrombie, Civ. No. 11-00246 LEK-RLP, 2012 WL 2890494, at *1 (D. Hawai`i July 13, 2012).

## DISCUSSION

### I. Analysis Governing the Determination of Whether to Stay

Judge Chang concluded the stay was appropriate under the Landis v. North American Co., 299 U.S. 248, 254 (1936), analysis and the Fed. R. Civ. P. 54(d), 1993 Advisory Committee Notes. This Court concludes the Stay Order applied the correct legal standards. See Unitek Solvent Servs., Inc. v. Chrysler Grp. LLC, CIVIL NO. 12-00704 DKW-RLP, 2014 WL 12576648, at *2 (D. Hawai`i Jan. 14, 2014) (concluding the Landis analysis – rather than the Hilton v. Braunskill, 481 U.S. 770, 776 (1987), analysis – applied to a request to stay all proceedings in the case pending the resolution of the plaintiff's appeal of the denial of the motion for a preliminary injunction (some citations omitted) (citing Doe 1 v. AOL LLC, 719 F. Supp. 2d 1102, 1107 n.1 (N.D. Cal. 2010) ("Hilton is germane where a stay is sought with respect to an **order**. In this case, Plaintiffs are seeking to stay the **proceedings**. As such, the considerations set forth in Landis are germane.") (emphases in original))). To the extent

7

the Appeal contends the Stay Order applied the wrong analysis, the Appeal is denied.

This Court has set forth the Landis analysis as follows:

> "[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). "The exertion of this power calls for the exercise of sound discretion." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).
>
> When a stay is requested because of pending proceedings that bear on the case, the Court may grant a stay in the interests of the efficiency of its own docket and fairness to the parties. See Leyva v. Certified Grocers of Cal. Ltd., 593 F.2d 857, 863 (9th Cir. 1979). The Ninth Circuit set out the following framework for analyzing motions to stay pending resolution of related matters:
>
>> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.
>
> Lockyer [v. Mirant Corp.], 398 F.3d [1098,] 1110 (9th Cir. 2005) (quoting CMAX, 300 F.2d at 268). See also Dependable Highway Express v. Navigators Ins. Co., 498 F.3d 1059, 1066-67 (9th Cir. 2007) (In determining the propriety of a stay, courts consider the possible effects of judicial economy

>     as well as the potential harm to the parties and
>     the public interest.)[.]

Galima v. Ass'n of Apartment Owners of Palm Court, CIVIL 16-00023 LEK-KSC, 2018 WL 2770196, at *3 (D. Hawai`i June 8, 2018) (alterations in Galima) (some citations omitted).

**II. Weighing the Possible Damage to Defendants and the Possible Hardship or Inequity to Plaintiffs**

Defendants argue the Stay Order must be reversed because it did not properly consider the possible harm to them and the lack of possible hardship or inequity to Plaintiffs. This Court agrees that the Stay Order lacks a sufficient discussion of these factors in the Landis analysis. The Appeal is granted insofar as this Court modifies the Stay Order with the analysis below.

Defendants argue, "[a] stay pending Plaintiffs' appeal gives Plaintiffs ample opportunity to re-deploy their assets, including by selling their Beach Villas units and taking their funds into the foreign countries of citizenship or residence, making future judgment collection difficult or impossible." [Appeal at 2.] This Court agrees this is a concern that weighs against a stay, although not significantly so. Even if this Court reversed the Stay Order and the proceedings regarding the Motion and the BOC went forward, a substantial amount of time may pass before any awards are reduced to judgment. See Stay Order

9

at 5 ("The amount of money at stake is substantial[2] and the moving papers are voluminous and will involve the painstaking review of approximately 566 pages of timesheets and hundreds of pages relating to the requests for non-taxable and taxable costs."); id. at 6 (noting the likely filing of other motions/objections/appeals related to the Motion and BOC).  Even when a judgment with the amount of the award on the Motion and the amount of the award on the BOC is entered, Defendants are not guaranteed immediate payment; Plaintiffs may obtain a stay pending appeal as a matter of right by posting a supersedeas bond.  See Marcus I. ex rel. Karen I. v. Dep't of Educ., Civil No. 10-00381 SOM/BMK, 2012 WL 3686188, at *2 (D. Hawai`i Aug. 24, 2012) ("Under [Fed. R. Civ. P.] 62(d), a party is generally entitled to a stay upon the filing of a supersedeas bond as a matter of right." (citing American Civil Liberties Union of Nevada v. Masto, 670 F.3d 1046, 1066 (9th Cir. 2012)).[3]

---

[2] Based on the requested amounts noted *supra*, Defendants seek a total of $3,034,587.17 from Plaintiffs, jointly and severally, plus an additional $19,345.54 from the Greens and $28,837.21 from Mrs. Kim, for a grand total of $3,082,769.92.

[3] Rule 62(b) states:

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2).  The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal.  The stay takes effect when the court approves the bond.

(continued...)

This district court has also recognized:

> "Although Federal Rule of Civil Procedure 62 provides that a supersedeas bond may be used to stay execution of a judgment pending appeal, the court has discretion to allow other forms of judgment guarantee." Int'l Telemeter Corp. v. Hamilton [sic] Int'l Corp., 754 F.2d 1492, 1495 (9th Cir. 1985). Further, in its discretion, the court may waive the judgment guarantee requirement altogether. Townsend v. Holman Consulting Corp., 881 F.2d 788, 796-97 (9th Cir. 1989), *vacated on reh'g on other grounds*, 929 F.2d 1358 (9th Cir. 1990) (en banc).

Young v. GEICO Indem. Co., CIVIL NO. 08-00171 JMS/KSC, 2009 WL 10677186, at *1 (D. Hawai`i Oct. 23, 2009).

As to the potential hardship or inequity that Plaintiffs may suffer in the absence of a stay, this Court notes that, under the Summary Judgment Order and the jury verdicts, there is no dispute that Defendants are the prevailing party. Further, there is clear legal authority supporting an award of attorneys' fees in legal malpractice actions. Haw. Rev. Stat. § 607-14 ("in all actions in the nature of assumpsit . . . , there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable"); Goodin v. Fid. Nat'l Title Ins. Co., Civ. No. 07-00074 DAE-BMK, 2008 WL 214942, at *2 (D. Hawai`i Jan. 25, 2008) (citing Helfand v.

---

[3] (...continued)
The exceptions in Rule 62(a)(1) and (2) do not apply in this case.

Gerson, 105 F.3d 530, 538 (9th Cir. 1997) (finding that claims for legal malpractice are in the nature of assumpsit)).  If Defendants were awarded the full amount of their requests in the Motion and BOC, Plaintiffs would be required to pay a total of over $3 million.  Payment of such an amount would constitute a financial hardship for almost any individual, but, any hardship to Plaintiffs has limited persuasive value because of their clear liability for attorneys' fees, taxable costs, and non-taxable costs.  However, Plaintiffs' appeal before the Ninth Circuit will likely raise issues challenging this Court's rulings during trial, as well as issues related to the Summary Judgment Order.  See Notice of Appeal, filed 6/11/18 (dkt. no. 443), at 2 (stating Plaintiffs appeal the judgment in this case and "and all prior orders, rulings, and verdicts, which are intertwined with or merged into said judgment").  Depending on the resolution of the issues raised in the Ninth Circuit appeal, some or all of Plaintiffs' claims may be remanded for retrial or for other proceedings.  Any remand would alter the prevailing party analysis and affect Defendants' entitlement to fees and costs.  This Court therefore finds that it would be inequitable to require Plaintiffs to pay such a large award of fees and costs when Defendants may no longer be the prevailing party after the Ninth Circuit appeal.

This Court has weighed the potential damage that Defendants may suffer during a stay and the potential hardship or inequity Plaintiffs may suffer during a stay. This Court concludes that requiring Plaintiffs to post a supersedeas bond for the duration of the stay would address both Defendants' potential damage from the stay and Plaintiffs' potential hardship or inequity from being required to pay an award of fees and costs. See Young, 2009 WL 10677186, at *1 ("the purpose of a supersedeas bond or other judgment guarantee is to 'secure the appellees from a loss resulting from the stay of execution . . . .'" (quoting Rachel v. Banana Republic, Inc., 831 F.2d 1503, 1505 n.1 (9th Cir. 1987))). Although this Court has the discretion to waive the guarantee entirely or to order another form of guarantee, see id., this Court finds that, under the circumstances of this case, some guarantee is necessary and there is no other form of guarantee which is more appropriate than a supersedeas bond. Thus, if this Court affirms the imposition of the stay, the stay will be conditioned on Plaintiffs' posting of a supersedeas bond.

**III. Judicial Economy**

Finally, Defendants argue Judge Chang erred in concluding judicial economy and the orderly course of justice supports a stay. Both the Stay Order and the Appeal rely upon Judge Chang's impending retirement. However, this Court finds

13

that Judge Chang's retirement is not a significant factor in the Landis analysis. Either Judge Chang or a different magistrate judge would be fully qualified to make, and capable of making, some or all of the rulings required for the findings and recommendations on the Motion and the BOC, as well as any subsequent proceedings related thereto. Moreover, regardless of which magistrate judge prepares the findings and recommendations, it will be this Court that will decide whether to adopt, reject, or modify the findings and recommendations.

Even without considering the effect of Judge Chang's impending retirement, this Court concludes that "the orderly course of justice" weighs in favor of a stay. See Lockyear, 398 F.3d at 1110. Because of the breadth of the potential issues that will be before the Ninth Circuit on appeal and the effect those issues may have on the prevailing party analysis, this Court concludes that the resolution of the Ninth Circuit appeal may simplify the issues and questions of law presented in the Motion and the BOC. To the extent the Appeal challenges Judge Chang's ruling that judicial economy supports a stay, the Appeal is denied.

This Court emphasizes that its rulings in the instant Appeal are based on the particular circumstances in **this case**. This Order should **not** be construed as ruling that the proceedings regarding a motion for attorneys' fees or a bill of costs should

be stayed in **any case** where there is a pending appeal of the underlying judgment.

IV. **Summary and Amount of the Supersedeas Bond**

The Appeal is granted insofar as this Court agrees with Defendants that the Stay Order did not sufficiently address the potential prejudice to Defendants and the potential hardship or inequity to Plaintiffs. The Stay Order is modified by this Court's analysis of those factors. The Appeal is also granted insofar as this Court conditions the stay upon Plaintiffs' provision of a supersedeas bond. The Appeal is denied in all other respects.

This district court has recognized that, "[t]o fully protect the [party that may be damaged by the stay], the supersedeas bond amount must be set to take into account the additions of interest, costs of appeal, [and] damages for delay." United States v. Cowan, 535 F. Supp. 2d 1135, 1148 (D. Hawai`i 2008). Thus, in Cowan, the district court increased the amount of the Cowans' supersedeas bond by twenty percent of the amount owed to the government, the party that faced potential damage from the stay.[4] Id. In the instant case, the Motion and the BOC seek a total of $3,034,587.17 from Plaintiffs, jointly and

---

[4] Also included in the amount of the Cowans' supersedeas bond were the amounts of liens held by other defendants, Cowan, 535 F. Supp. 2d at 1148, but the inclusion of those amounts is not relevant to the determination of the amount of Plaintiffs' bond in the instant case.

15

severally, plus an additional $19,345.54 from the Greens and $28,837.21 from Mrs. Kim.

This Court finds that, in determining the amount of the supersedeas bond, an enhancement such as the one in Cowan and the consideration of the amount of attorneys' fees sought either solely from the Greens or solely from Mrs. Kim are not necessary because the amounts of Defendants' requests are likely to be reduced.  Examples of such potential reductions include, *inter alia*, excessive hourly rates or duplicative billing by multiple counsel.  The potential reductions offset both: the additional amounts that would be attributable to interest, costs of appeal, and delay damages; and the amount of attorneys' fees sought either solely from the Greens or solely from Mrs. Kim.  This Court therefore sets the amount of the supersedeas bond at $3,034,587.17, *i.e.* the total amount requested in the Motion and the BOC from Plaintiffs, jointly and severally.

Plaintiffs, jointly and severally, are ordered to post a supersedeas bond in the amount of $3,034,587.17 by **November 27, 2018**.  If Plaintiffs fail to post the bond by **November 27, 2018**, this Court will lift the stay, and the proceedings on the Motion and the BOC will go forward.

**CONCLUSION**

On the basis of the foregoing, Defendants' Appeal of (Doc. 474) Order Staying and Deferring Ruling on Defendants' Motion for Attorneys' Fees and Related Non-taxable Costs and Bill of Costs, filed July 12, 2018, is HEREBY GRANTED IN PART AND DENIED IN PART. The Appeal is GRANTED insofar as: 1) the Stay Order is HEREBY MODIFIED by this Order; 2) Plaintiffs, jointly and severally, are HEREBY ORDERED to post a supersedeas bond in the amount of $3,034,587.17; and 3) the stay is conditioned upon the posting of the supersedeas bond. The Appeal is DENIED in all other respects. The stay of all proceedings related to Defendants' Motion and BOC is HEREBY AFFIRMED.

The stay will be lifted on **November 27, 2018**, unless Plaintiffs post the supersedeas bond, as described in the instant Order, by **November 27, 2018**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, October 30, 2018.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge